PER CURIAM.*
11This disciplinary matter arises from a petition to revoke probation filed jointly by the Office of Disciplinary Counsel (“ODC”) and respondent, Lori P. Moser, based upon respondent’s new violations of the Rules of Professional Conduct while on court-ordered probation imposed in In re: *240 Moser, 10-1777 (La.9/24/10), 44 So.3d 270 (“Moser I”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record in Moser I established that respondent falsely reported to her law firm that she attended a court hearing, and then submitted a report, billing records, and travel receipts to perpetuate the falsehood. Prior to the institution of formal charges, respondent and the ODC submitted a joint petition for consent discipline, suggesting that respondent be suspended for one year and one day, fully deferred, subject to her successful completion of a two-year period of probation with conditions. We accepted the petition for consent discipline on September 24, 2010.
On January 26, 2011, the ODC received a letter from respondent self-reporting misconduct which occurred during her employment with a new law firm. Simultaneously, the ODC received a complaint against respondent from the firm. Both respondent and the firm reported that in her new position respondent “prejbilled”2 clients for work she had not yet completed, and that when confronted by her employer regarding her billing practices, respondent initially falsely denied that she had done anything wrong.
DISCUSSION
Respondent has acknowledged that she engaged in new misconduct during the period of her probation in Moser I. This misconduct, which is remarkably similar to the misconduct in the earlier case, involves “pre-billing” by respondent for work she had not yet completed (or, in some cases, had not yet even begun). Furthermore, when she was confronted by her employer regarding her billing practices, respondent initially lied and said she had done nothing wrong. These facts clearly support the revocation of respondent’s probation and imposition of the deferred one year and one day suspension.
Therefore, we will revoke respondent’s probation and make the previously deferred one year and one day suspension executory.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred one year and one day suspension imposed in In re: Moser, 10-1777 (La.9/24/10), 44 So.Bd 270, is hereby made immediately executory. All costs and expenses in the matter are assessed against respondent, Lori P. Moser, Louisiana Bar Roll number 25463, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.